

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAY 15 AM 9:49
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BETH HOLCOMBE,

    Plaintiff,

v.

SCOTTSDALE COLLECTION SERVICES, LLC, an Arizona company,

    Defendant.

CIVIL ACTION FILE NO. CV208-058

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant **SCOTTSDALE COLLECTION SERVICES, LLC** is a company formed under the laws of the State of Arizona. [Hereinafter, said Defendant is referred to as "SCS."]

5. SCS is subject to the jurisdiction and venue of this Court.

6. SCS may be served by personal service upon its registered agent in Arizona to wit: Richard Bartlett, 2501 W Dunlap Avenue #240, Phoenix, Arizona, 85021.

7. Alternatively, SCS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia or Arizona.

## FACTS COMMON TO ALL CAUSES

8. SCS uses the mails in its business.

9. SCS uses telephone communications in its business.

10. The principle purpose of SCS's business is the collection of debts.

11. SCS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

12. SCS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

13. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, SCS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

14. On or about February 21, 2008, SCS left a recorded voice message for Plaintiff requesting a return call.

15. In the February 21, 2008 telephone message, SCS' caller did not state the company he worked for.

16. In the February 21, 2008 telephone message, SCS' caller did not state that the communication was from a debt collector.

17. In the February 21, 2008 telephone message, SCS' caller did not state that the communication was an attempt to collect a debt.

18. In the February 21, 2008 phone message, the caller referenced "medical file number 442134."

19. Defendant sent a collection letter dated March 7, 2008 to Plaintiff.

20. The letter referenced the same account number as the earlier telephone call.

21. The letter was attempting to collect the sum of $125.00.

22. The letter demanded payment or "satisfactory arrangements" within 72 hours.

23. The letter also stated that "If you do not pay the account or make satisfactory arrangements, we will proceed with further action seeking the principal amount plus reasonable fees and costs incurred as permitted by contract or law."

24. This and other language in the letter was calculated to create the false impression that Defendant would enforce involuntary payment of the alleged debt.

25. Fees and costs were permitted by neither contract nor law.

26. On or about March 14, 2008, SCS left a pre-recorded voice message for Plaintiff requesting a return call.

27. In the March 14, 2008 telephone message, the message did not disclose the identity of SCS.

28. In the March 14, 2008 telephone message, the message did not state that the communication was from a debt collector.

29. In the March 14, 2008 telephone message, the message did not state that the communication was an attempt to collect a debt.

30. In the March 14, 2008 telephone message, the message stated reference number 442134.

31. Defendant's communications violate the Fair Debt Collection Practices Act.

32. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

33. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

34. Defendant's violations of the FDCPA include, but are not limited to, the following:

35. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. section 1692d(6);

36. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e;

37. The use any representation or implication that nonpayment of any debt will result in involuntary collection activity, in violation of 15 U.S.C. section 1692e(4, 5); and

38. The failure to make the disclosures (including but not limited to the disclosure that a communication is from a debt collector), in violation of 15 U.S.C. section 1692e(11).

39. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**THE LAW OFFICE OF KRIS SKAAR, P.C.**

by: _____
Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA 30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com